UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

-v-

DOVID SCHWARTZBERG,

                    Defendant.

Case No. 1:21-cr-00338 (TFH)

**DOVID SCHWARTZBERG'S SENTENCING MEMORANDUM
WITH EXHIBITS**

STEVEN Y. YUROWITZ
NEWMAN & GREENBERG LLP

*Attorneys for Defendant Dovid Schwartzberg*

950 Third Avenue – 31st Floor
New York, New York 10022
(212) 308-7900

**A. Introduction.**  This memorandum and the accompanying exhibits, ████ ██████████████████████████████████████████████ as well as the various letters of support (Exhibit B), are submitted on behalf of defendant Dovid Schwartzberg ("Dovid") to assist the Court in determining the appropriate sentence to impose upon him.  Dovid, a 21-year-old young adult ████████████████████████████████████████████ ██████, will stand before the Court for sentencing as a first-time offender upon his plea of guilty to a single misdemeanor count of parading in the Capitol building on January 6, 2021.

The parties are in agreement that the United States Sentencing Guidelines ("USSG") do not apply to a violation of 40 U.S.C. § 5014(e)(2)(G).  Moreover, in counsel's view, a sentence of incarceration and probation cannot be legally imposed for a violation of §5014(e)(2)(G).  In counsel's understanding, Your Honor has adopted that view in other cases as well.  *See, e.g., United States v. Jacob Wiedrich,* 21-CR-581 (TFH) (rejecting government's proposal for split sentence).[1]  To the extent the Court would depart from that view in this case, we would respectfully request the opportunity to brief this issue further.

---

[1] Your Honor is not the only judge in this district to decline the government's invitation to impose a split sentence.  Indeed, this is the view of most judges in this district when confronted with the government's request for a split sentence for one single petty offense conviction. *See United States v. Spencer*, 21-CR-147 (CKK) (amending sentence after briefing provided), ECF No. 70; *United States v. Torrens*, No. 21-cr-204 (BAH), ECF No. 110 & 125); *United States v. Kari Kelley*, 21-CR-201 (DLF) (rejecting the government's contention that a split sentence could be imposed even after being provided notice of the *Little* decision); *United States v. Vic Williams*, 21-CR-388 (RC) (court declined to impose split sentence despite government's recommendation of split sentence); *United States v. Zachary Wilson*, 21-CR-578 (APM) (same); *United States v. Traci Sunstrum*, 21-CR-652 (CRC) (same); *United States v. Michael Carico*, 21-CR-696 (TJK) (same); *United States v. Tanner Sells*, 21-CR-549 (ABJ) (same).

In other words, in determining whether to impose a sentence of imprisonment or a term of probation (and the length of either such sentence), the Court is guided by the factors contained in 18 U.S.C. §3553(a)(1).

From counsel's perspective, this is a rare case.  Normally, with a defendant whose sentencing range falls into what is essentially the equivalent of Zone A to the USSG, counsel would be requesting a term of probation.  ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████  In other words, counsel is not concerned that Dovid will knowingly disregard or violate any condition of probation, and doesn't believe that he has done so in this case.  Rather, counsel fears that Dovid would be at risk for violating a condition ███████████████████████████████████████████

██████████████████

Based on counsel's prior conversations with the government counsel, the government tentatively held such a view as well (although making clear that the position was not binding and had not been cleared) that, given Dovid's record on pretrial release, a term of probation would be ill-advised.  The Probation Department in its sentencing

recommendation to the Court concurs with this view.  As such, the question is whether to impose a term of imprisonment, and if so, how long a term of imprisonment to impose. Counsel submits that a sentence of not more than two-weeks imprisonment, when combined with the consequences of having a highly publicized criminal record at such a relatively young age, would satisfy the goals of sentencing, the §3553(a) factors and the parsimony clause.

**B.  Dovid Schwartzberg's Background And Character.**  The Presentence Report ("PSR") provides an understandably terse description of Dovid's relatively short life. Dovid comes from extremely modest roots.  He currently lives with his parents, Nathan and Adina Schwartzberg, and his five younger siblings in a basement apartment in the Kensington section of Brooklyn.  The Schwartzbergs are far from a family of means.  The family's financial difficulties were exacerbated by both the pandemic, during which Dovid's father was placed on extended leave, █████████████████████████████ ███████████████████, requiring his parents' extra attention and further stretching the family's already limited resources.  Indeed, Rabbi Weinfeld, the Rabbi of a local community synagogue, notes ██████████████████████████████████ ██████████████████████████████████████.

████████████████████████████████████████████

██████████████████.  While he was able to graduate from a mainstream high school, things turned for the worse during Covid.  After high school, most boys from Dovid's community continue their religious studies for three or four years and then study in Israel

for another year or two before returning to the United States to get married.  If not for Covid, Dovid would have likely attempted to follow the same trajectory.  The pandemic upended all of that.  Being cooped up at home for months was very difficult for many Americans, but for someone like Dovid, ████████████████ and was cramped in a small basement apartment with a large family, it was completely overwhelming ██ ██████████████████████ Any thoughts or efforts by Dovid to continue his studies simply evaporated.

The excitement, drama and turmoil of the 2020 elections were a welcome distraction for Dovid.  Dovid had little interest in politics from an ideological perspective.  Indeed, despite the fact that he was of age to vote, he was not even a registered voter during the 2020 elections.  Instead, it was merely a distraction to be preoccupied with.  It was that excitement that led him to then President Trump's rally on January 6, and as discussed in greater detail below, it contributed to his participation in the instant offense.

Life has not been all doom and gloom for Dovid, and he has many positive qualities.  As Mrs. Schwartzberg writes, Dovid is the first to help when it comes to assisting a friend or his parents and grandparents.  Moreover, Mrs. Schwartzberg writes, "[p]erhaps because of his own struggles, Dovid was always the one to make friends with the quieter kids or the underdog and helped include them so they no longer felt left out."  Likewise, Rabbi Blobstein, the founder and dean of Yeshiva Tiferes Bochurim, a school devoted to at-risk teenagers, writes how Dovid provides mentorship to many of the students, something that Rabbi Blobstein is extremely appreciative of.

> I met Dovid approximately a year ago through some of my students whom he had
> befriended. Since that time, I developed a close friendship with Dovid and he has
> become a good friend of the school.
>
> Dovid has volunteered countless hours to our school helping my students with a
> listening ear and tutoring them in their religious studies. Dovid has a lot to offer
> these boys.
>
> Many of YTB's students are filled with a tremendous amount of hurt and pain and
> are in need of someone non-judgmental like Dovid to be able to provide support and
> advice.

Exhibit B (Letter of Rabbi Shamai Blobstein).  Similarly, Rabbi Dworetsky, a teacher and

mentor of Dovid's, notes that Dovid has shown a willingness and a drive to work hard to

overcome and succeed his struggles even if he is not always successful.  *Id.* (Letter of Rabbi

Ezra Y. Dworetsky).

    **C.  The Offense Conduct.**  Having presided over numerous January 6 cases, Your

Honor is intimately aware of the facts and circumstances surrounding that fateful day.

Certain things stand out with respect to Dovid.  First, his age.  According to news reports,

the average age of the defendants charged in the Capitol breach was 41 years old.  At the

time of the offense, Dovid was 19, i.e., less than half that age.  His young age is significant

since, while liable for his actions as an adult, many studies have recognized that an

individual of his age is not fully developed with the requisite emotional maturity to be able

to fully control their impulses.  *See, e.g.*, Steinberg et al, "Are Adolescents Less Mature

Than Adults?" American Psychologist (Oct. 2009) 583, 592:

> in situations that elicit impulsivity, that are typically characterized by high
> levels of emotional arousal or social coercion, or that do not encourage or
> permit consultation with an expert who is more knowledgeable or
> experienced, adolescents' decision making, at least until they have turned 18,
> is likely to be less mature than adults'. This set of circumstances likely
> characterizes the commission of most crimes perpetrated by adolescents

(which are usually committed in groups and are seldom premeditated; Farrington, 2003; Zimring, 1998) and may also be typical of other situations where adolescents are emotionally aroused, in groups, absent adult supervision, and facing choices with apparent immediate rewards and few obvious or immediate costs—the very conditions that are likely to undermine adolescents' decision-making competence (Steinberg, 2007).

███████████████████████████████████████████████████████████

███████████████████████████████████

Second, Dovid was not politically motivated in entering the Capitol. The Court need look no further than the fact that Dovid did not even participate in the 2020 elections. Instead, he went to the rally because he believed that it would be a historic day, and he wanted the opportunity to see then-President Trump. After the rally was over, Dovid eventually made his way to the Capitol. Dovid was not on or near the Capitol grounds when the initial violence was occuring. By the time he had arrived at the Capitol, streams of people had already entered the building. His time in the building was for the most part preoccupied with soaking up and videoing the events that were going on in the building.

**D.   The §3553(a) Factors.** Because the Guidelines do not apply, the Court's sentencing discretion in this case is guided solely by the factors set forth in 18 U.S.C. §3553(a). Application of all the §3553(a) factors is governed by the overriding principle that the Court "shall" impose a sentence "sufficient, but not greater than necessary" to fulfill the purposes of the criminal law, as set forth in §3553(a)(2). The §3553(a) factors include the history and characteristics of the defendant, protection of the public from further crimes by the defendant, and the kinds of sentences available, all of which weigh

in favor of leniency for Dovid.  *United States v. Ranum,* 353 F. Supp. 2d 984 (E.D. Wis.

2005).[2]

**1. Nature and Circumstances of the Offense, and the History and Characteristics of the Defendant (§3553(a)(1)).**

For the reasons noted above, and without intending to minimize Dovid's unlawful

conduct, his conduct was on the lower-end of the spectrum of those involved in the January

6 breach.  Until he left the Capitol building, Dovid was unaware of the violence that had

taken place earlier that day.  From Dovid's perspective he observed a level of camaraderie

between the civilians and officers in the building.  ███████████████████

████████████████████████████████████████████

████████   ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[2]  "[U]nder § 3553(a)(1) a sentencing court must consider the 'history and characteristics of the defendant.'  But under the guidelines, courts are generally forbidden to consider the defendant's age, U.S.S.G. §5H1.1, his education and vocational skills, §5H1.2, his mental and emotional condition, § 5H1.3, his physical condition including drug or alcohol dependence, § 5H1.4, his employment record, §5H1.5, his family ties and responsibilities, §5H1.6, his socio-economic status, §5H1.10, his civic and military contributions, §5H1.11, and his lack of guidance as a youth, §5H1.12. The guidelines' prohibition of considering these factors cannot be squared with the §3553(a)(1) requirement that the court evaluate the 'history and characteristics' of the defendant. The only aspect of a defendant's history that the guidelines permit courts to consider is criminal history.  Thus, in cases in which a defendant's history and character are positive, consideration of all of the §3553(a) factors might call for a sentence outside the guideline range." *Id.* at 986.  In this case, the Guidelines do not apply at all.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████     Dovid's penchant for thrill seeking was evident when he returned

back to the building to watch and film police emptying the Capitol building later that day.

Of course, with the benefit of hindsight and not being under the influence of the crowd, Dovid recognizes that entering the building through a broken window and encouraging others to enter was horribly wrong.  In his letter to the Court, Dovid candidly admits that at the time, he really didn't appreciate the seriousness of his conduct.

> Since that time I have done a lot of thinking and talking to my mentors.  I now understand that my conduct was really bad.  Just being a part of the crowd contributed to the events of that day.  My grandparents were fortunate to escape [from] a totalitarian regime and come to this wonderful country.  Taking part in conduct that undermines democracy is wrong.  I will have to live with this mistake for the rest of my life.

Exhibit C (Letter of Dovid Schwartzberg).

Dovid's conduct while on pretrial release is not in any way indicative of a lack of acceptance of responsibility.  ██████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████





Many letter writers including Dovid's mother, his high school dean Rabbi Meir Gutfreund and Dr. Brooks all confirmed that this is an issue that Dovid struggles with.

In her letter, Mrs. Schwartzberg describes similar situations with Dovid including a recent incident when he needed to prepare for a trip that he had done numerous times already.

_____

[4]

████████████████████████████████████

████████████████████████████████████

██████████████████████████

**2. Traditional Sentencing Goals (§3553(a)(2)).** Both the goals of specific and general deterrence have already been satisfied in this case. Given the resources and the breadth of the government's investigation in this matter – including the prosecution of hundreds of individuals and the government's decision to not even consider DP applications relating to the Capitol breach – no one can credibly claim that the message has not gotten out that the government takes this conduct extremely seriously and that any future attempt at such conduct will be met with swift and significant consequences.

Moreover, while for most defendants a misdemeanor conviction would typically fall under the radar and not result in serious personal consequences, the same cannot be said about Dovid's conviction in this case. A simple internet search of Dovid's name reveals literally hundreds of websites carrying the story of his prosecution along with his picture, a rarity for a misdemeanor prosecution. In other words, Dovid — who is just embarking on adulthood, one that already comes with a lot of baggage — will now be saddled with the consequences of a criminal record and one that comes with a level of notoriety as well.[5]

---

[5] As noted above, counsel believes that a sentence of probation in this case is less than ideal. Nevertheless, if the Court is inclined to impose such a sentence, we respectfully request that it be limited to probation and a short term. A term of probation alone is "*significant* punishment" (*United States v. Leitch,* 2013 WL 753445 at 12 (E.D.N.Y. Feb. 2, 2013) (original emphasis)), and it is all the more so for someone like Dovid.

**3.  The Kinds of Sentences Available (§3553(a)(3)).**  The Court is empowered to impose a non-custodial sentence, and in the normal situation that would be the request in this case.  Despite the fact that the defendant is requesting an incarceratory sentence, we respectfully request the Court to bear in mind the observation by the district court in *United States v. Hopkins*, 17-CR-278 (E.D.N.Y. Mar. 27, 2018):

> The Sentencing Reform Act of 1984 encourages non-incarceratory sentences for first time offenders unless the conviction is of crimes that are violent or "serious." 18 U.S.C. § 994(j) ("The Commission shall insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense."). When compared to violent crimes many fraud offenses are not "serious" enough to warrant incarceration.

*Hopkins, supra* (imposing sentence of probation and community service on first-time 42-year-old offender who pled guilty to food-stamp fraud and mail theft at an airport).

**4.   USSG and Departure Grounds (§3553(a)(4) and (5)).**  The sentencing guidelines do not apply to the instant offense.  ███████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████





Rabbi Meir Gutfreund, the dean of The Cheder where Dovid attended high school,

Your Honor, I understand that Dovid has pled guilty, however, as a long-time educator who has known Dovid for a significant part of his schooling years, I ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

Exhibit B (Letter of Rabbi Meir Gutfreund).

   **E.  Conclusion.**  Dovid Schwartzberg recognizes ██████████████████ ████████████████, he is responsible for his actions on January 6, and that those actions were wrong, very wrong.  In determining the appropriate punishment, he asks the Court to consider his entire life circumstances and that any sentence take into account the difficulties ████████████████████████████  We respectfully ask the Court to impose a sentence of not more than two-weeks imprisonment.

Dated: New York, New York
        August 31, 2022

                              Respectfully submitted,

                              NEWMAN & GREENBERG LLP
                              *Attorneys for Defendant Dovid*
                              *Schwartzberg*

                              by _____
                                    Steven Y. Yurowitz

                              950 Third Avenue
                              New York, New York 10022
                              (212) 308-7900

# EXHIBIT A
# (redacted)

# EXHIBIT B

# ADINA SCHWARTZBERG

August 25, 2022

Judge Thomas F. Hogan
U.S. District Court for the district of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington D.C. 20001

Dear Judge Hogan:

    My name is Adina Schwartzberg and I am the mother of Dovid Schwartzberg. I write in connection with Dovid's upcoming sentencing.  It is my hope to be able to provide Your Honor with background and a perspective within which to view Dovid's conduct.  Growing up Dovid was the sweetest little boy always with a huge smile on his face. He has always been a very smart and friendly boy and has always had the ability to befriend people and has helped a lot of people in his life.  Perhaps because of his own struggles, Dovid was always the one to make friends with the quieter kids or the underdog and helped include them so they no longer felt left out.  He has helped so many people either by just lending a listening ear, doing favors for them without hesitation such as picking up friends from the airport when they needed a ride or helping his grandparents in an instant when they requested any of his help. At home he was always available to help out either taking out the garbage or running errands. He greets everyone with a friendly smile is polite and courteous.



Dovid brings a lot of joy and fun and laughter into our family.  His siblings and other family members always love spending time with him. I know he has plead guilty, but I feel that he meant no harm in his actions even though his actions were harmful. Dovid has never gotten himself into any real trouble and although at times he has shown a sense of immaturity I feel he has definitely come a long way, ██████████████████████ I am hopeful that he will turn out to be a good responsible adult who will do great things in life.

Thank you for taking the time to read my letter.

Sincerely,

*Adina Schwartzberg*

Adina Schwartzberg

בס״ד



# ישיבה ומתיבתא שלום שכנא והחדר

Yeshiva & Mesivta Sholom Shachna / The Cheder

Friedman Family Campus   פרידמן קאמפוס

August 29, 2022

Judge Thomas F. Hogan
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

Re:  Dovid Schwartzberg

Dear Judge Hogan:

My name is Rabbi Meir Gutfreund, and I am the dean of the Cheder School, an Orthodox boys elementary and high school located in Brooklyn, New York. The Cheder has over 800 students.



Should you wish to discuss this further, I will make myself available to the Court.

Respectfully,

Rabbi Meir Gutfreund

129 ELMWOOD AVE • BROOKLYN, NY 11230 • 718-252-6333 • fax 718-252-4574

**Ezra Y. Dworetsky**
161 High Street
Passaic, New Jersey 07055

August 12, 2022

Hon. Thomas F. Hogan
U.S. District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

Dear Judge Hogan:

I am a teacher, rabbi and mentor to Dovid Schwartzberg. I have known Dovid for

close to eight years having gotten to know him when he was a student of mine at The

Cheder in ninth grade. ███████████████████████████████████████

███████████████████████████████████████ Some of the challenges he has

been able to overcome with much help and with respect to others he has not been so

successful. But throughout Dovid has shown a willingness and a drive to work hard to

overcome and succeed. In spite of the setbacks, he is constantly looking to grow and

improve.

Sincerely,

Ezra Y. Dworetsky

August 29, 2022

Your Honor:

My name is Tzipora Bayla Schwartberg, I am 18 years old, and Dovid is my older brother. Having Dovid as a brother has always been a good thing in my life. Dovid was always there to play with me, help me or just have a fun time with me. If I ever needed help with schoolwork, I always knew I could turn to him (because he would always want to help (even if he didn't know the answer). Dovid is a nice guy with lots of friends who like and respect him. I look up to him and know he has a good heart. ███████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████ Dovid has the ability to make me and my family smile and laugh with his smart sense of humor. We always have good conversations because he knows a lot about different topics. I don't think that Dovid meant to cause any harm in his actions on January 6, it's just that sometimes he can be really immature and not think things through. He would never dream of hurting anyone.

Tzipora Bayla Schwartzberg

*Tzipora Bayla Schwartzberg*

EXHIBIT C

Your Honor; I am writing in connection with my upcoming sentencing. When I was first contacted by the FBI I never imagined that there would come a time when I'd be standing before a court for sentencing. I knew that I entered the Capitol building but I didnt view myself as one of "those guys" that had engaged in any violence. During the time I was in the building there was alot of noise and ~~people~~ people milling around but there was no confrontation with the police. I didnt really view my conduct as illegal. Nor was I some politico. In fact, I wasn't even registered to vote in the 2020 elections so I could hardly complain about the results. Since that time I have done a lot of thinking and talking to my mentors. I now understand that my conduct was really bad. Just being a part of the croud contributed to the events of that day. My grandparents were fortunate to escape a totalitarian regime and come to this wonderful country. Taking part in conduct that undermines democracy is wrong. I will have to live with this mistake for the rest of my life. I truly apologize for my conduct and I just ask that Your Honor have mercy on me when imposing sentence. I know I deserve punishment for my conduct ███████

██████████████████████████████████████

██████████████████████

Respectfully,
David Schwartzberg