UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-00338-TFH |
| | : | |
| DOVID SCHWARTZBERG, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OF LAW IN PARTIAL OPPOSITION
TO THE PRESS COALITION'S UNSEALING REQUEST

This memorandum of law is submitted in response to the motion by the Press Coalition seeking access to the sentencing exhibit videos that accompanied the government's sentencing memorandum in this matter. According to movants, they seek an order granting permission to "record, copy, download, retransmit, and otherwise further publish the Video Exhibits." Motion at 2.

Defendant has no objection to the government releasing Exhibit 5 which is apparently a video taken by Senator Merkley. Doc#42 at 8 n. 2.

Defendant does object to the release of the other videos which were obtained from his phone after the government executed a search warrant on that phone. The videos taken from his phone are the defendant's private property, and those images are by virtue of the law copyrighted, with the defendant possessing the exclusive right to distribute them. *See generally* 17 U.S.C. §§ 102, 106. The fact that the government took these videos from the defendant's phone and attached them to its sentencing memorandum should not dissipate those copyright protections or privacy rights. *Compare Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978) ("the right to inspect and copy judicial records is not absolute" and a court would be

justified in sealing records that would, *inter alia*, reveal trade secrets); *United States v. Rodriguez-McGoffin*, 19cr1213 (TUC) (D. Az. Aug. 25, 2021) (permitting purported author of sentencing letter to access a copy of the sealed letter; although sentencing letters are typically sealed "an author's right to publish a letter may include the right to copy or to obtain copies; an author retains the general property rights in his manuscript, including the copyright").

Indeed, the media's request to have the Court issue an order permitting them to "further publish the Video Exhibits" would likely infringe on those copyright protections. At a minimum, any order permitting disclosure should further indicate that the videos are copyrighted and its dissemination is subject to those copyright protections.

Denying the media access to these materials will not impinge on the media's First Amendment rights. In its sentencing submission, the government described the subject matter of the videos and provided screenshots taken from the videos. As a result, the media and the public are aware of the details upon which the Court based its sentencing decisions.

For the foregoing reasons, the Press Coalition's motion should be denied except with respect to Exhibit 5 as to which the government apparently consents.

Respectfully submitted,

_____/s/_____
Steven Y. Yurowitz

Newman & Greenberg LLP
950 Third Avenue – 31st Floor
New York, New York 10022
Tel. No. (212) 308-7900
syurowitz@newmangreenberg.com
*Attorneys for Defendant Dovid Schwartzberg*
