IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DOVID SCHWARTZBERG,<br><br>Defendant. | Case No: 21-cr-338-TFH |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE PRESS COALITION'S
APPLICATION FOR ACCESS TO VIDEO EXHIBITS**

The Press Coalition respectfully submits this reply memorandum in further support of its Application (Dkt. 53) for access to three video recordings that the Government submitted to the Court in this matter. Defendant Dovid Schwartzberg's opposition to the release of the videos confuses the law of access to judicial records, which is determinative to the issue before this Court, with the law of copyright, which is not relevant here.

The Government does not object to release of any of the videos it submitted with its Sentencing Memorandum. *See* Notice of Filing (Dkt. 43). Defendant Schwartzberg consents to release of one video, recorded by Senator Jeff Merkley, but objects to release of other videos that the Government obtained from his phone via a search warrant (the "Video Exhibits") on grounds that Schwartzberg "possess[es] the exclusive right to distribute them" pursuant to the Copyright Act. *See* Mem. in Partial Opp. to the Press Coalition's Unsealing Request ("Opposition" or "Opp.") (Dkt. 54) at 1. According to Defendant, the Coalition's request for a Court order permitting the press to further publish the Video Exhibits "would likely infringe on those copyright protections." *Id.* at 2.

Defendant's alleged copyright ownership of the Video Exhibits, and any concern that the Coalition will infringe on his alleged copyrights, is premature and not a cognizable interest that would justify the Court withholding of these judicial records.[1]

It is inarguable that the Government submitted the Video Exhibits to this Court for the express purpose of influencing its decision regarding Defendant's sentencing. *See League of Women Voters v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020) ("[E]very part of every brief filed to influence a judicial decision qualifies as a 'judicial record.'"). As such, the Video Exhibits are judicial records subject to the public right of access under the First Amendment and common law. *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 12-13 (1986) (holding that First Amendment right of access applies to preliminary hearings in criminal cases); *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841, at *13-14 (D.D.C. Mar. 17, 2021) (ordering release of video exhibits submitted at a detention hearing in another Capitol riot case after concluding they are judicial records subject to the "strong presumption in favor of public access" under the common law). Denying the public access to judicial records is appropriate only where it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Dhiab v. Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring). Defendant has not carried that weighty burden.

*First*, Defendant cannot demand that the Video Exhibits be withheld from the public merely because he purportedly holds a copyright in them. The Video Exhibits have already been collected, copied, and submitted by the Government to the Court, and those actions do not implicate any copyright the Defendant may claim. *Bond v. Blum*, 317 F.3d 385, 397 (4th Cir. 2003) (use of a copyrighted work in a court proceeding was a fair use for which copyright holder

---

[1] The Press Coalition does not concede that Defendant possesses exclusive rights in the distribution of the Video Exhibits and reserves the right to challenge any copyright claim by Defendant in the event that the Video Exhibits are released to the Coalition.

was not entitled to any recovery); *Den Hollander v. Swindells-Donovan*, 2010 U.S. Dist. LEXIS 22309, at *8-9 (E.D.N.Y. Mar. 11, 2010) (same), *aff'd sub nom. Den Hollander v. Steinberg*, 419 F. App'x 44, 46-48 (2d Cir. 2011).  Directing the Government to make Video Exhibits available to the Coalition that it has *already* prepared and submitted to the Court would not infringe on Defendant's asserted rights under the Copyright Act.  *Cf.* 17 U.S.C. § 106 (copyright owner has exclusive right "to reproduce the copyrighted work" (which the Government has already done), "to prepare derivative works" and "to distribute copies or phonorecords of the copyrighted work to the public by sale").  Instead, providing access to the Coalition would conform to the well-established law of public access to judicial records.

*Second*, Defendant's concern that the Press Coalition or others *might* infringe on his alleged copyright ownership of the Video Exhibits if they were made publicly available is far too speculative to overcome the constitutional and common-law right of access.  *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 270 (4th Cir. 2014) (noting the court has "never permitted wholesale sealing of documents based upon unsubstantiated or speculative claims of harm"); *Herron v. Fannie Mae*, 2016 U.S. Dist. LEXIS 200984, at *9 (D.D.C. June 20, 2016) (rejecting a privacy interest that "is simply too speculative to overcome the strong presumption in favor of public access").  Again, any conceivable copyright interest the Defendant may try to assert—and the Coalition does not believe the Defendant would have any[2]—would arise only after the Court adheres to the law of public access to judicial records, releases the Video Exhibits, and Coalition members decided whether, how much and in what context to publish them.  *See* 17 U.S.C. § 107 (a "fair use of a copyrighted work . . . is not an infringement of copyright").

---

[2] *See, e.g.*, *White v. West Publ'g Corp.*, 29 F. Supp. 3d 396, 397 (S.D.N.Y. 2014) (defendant's republication of briefs submitted in federal court in Westlaw legal database was a fair use of the legal papers, and defendant was entitled to summary judgment).

*Third*, if Defendant's argument were given credence, then the Court would not be able to release to the public *any* judicial records that were "original works of authorship fixed in any tangible medium of expression," *see* 17 U.S.C. § 102(a)—including this Reply or Defendant's Opposition—for fear that others *might* use them in an infringing manner. Such sweeping restrictions on access to judicial records "would contradict a fundamental norm of our judicial system: that judges' decisions and their rationales must be available to the public." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 674-75 (D.C. Cir. 2017) (Garland, J.).

*Finally*, Defendant's assertion that withholding would not "impinge on the media's First Amendment rights" because the Government "described the subject matter of the videos and provided screenshots taken from the videos" misapprehends the considerations weighed when determining whether to seal judicial records. *See* Opp. at 2. The D.C. Circuit applies the six-factor *Hubbard* test in determining whether a party has overcome the common law right of access to these videos, and one factor considers the extent of previous public access to the documents. *United States v. Hubbard*, 650 F.2d 293, 319 (D.C. Cir. 1980) ("Previous access is a factor which may weigh in favor of subsequent access.").[3] When deciding whether to release video exhibits in another Capitol riot prosecution over the defendant's objection where the Government similarly included screenshots and quotes that purportedly "depict defendant's most egregious conduct and therefore [have] already been made publicly accessible," Chief Judge Howell determined this weighed in *favor* of access. *Jackson*, 2021 U.S. Dist. LEXIS 49841, at *19.

---

[3] Those factors are: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Hubbard*, 650 F.2d at 317-22.

Courts in this District have repeatedly applied the *Hubbard* test and rejected arguments by defendants who were involved in the Capitol riot that video exhibits be withheld on grounds that the defendant's right to a fair trial will be prejudiced. *E.g.*, *United States v. Lazar*, 21-cr-525-ABJ, slip op. at 7 (D.D.C. Oct. 22, 2021) (Dkt. 41); *United States v. Munchel*, 2021 U.S. Dist. LEXIS 194604, at *19-20 (D.D.C. Oct. 8, 2021); *United States v. James*, 2021 U.S. Dist. LEXIS 235358, at *7-8 (D.D.C. Aug. 23, 2021); *In re Application for Access to Certain Sealed Video Exhibits*, 2021 U.S. Dist. LEXIS 122124, at *7-8 (D.D.C. June 30, 2021); *Jackson*, 2021 U.S. Dist. LEXIS 49841, at *22-23. And this Defendant's asserted intellectual property interest, which merely arises from statute, is even weaker than those purported concerns of prejudice, which arise from the Constitution, and which Courts in this District have found insufficient to overcome the public's presumptive right access.

For the foregoing reasons and those stated in the Application, the Press Coalition respectfully requests that the Court enter an order (1) directing the Government to provide the Press Coalition with copies of the Video Exhibits and (2) permitting the Press Coalition to republish those Video Exhibits without restriction.

Dated: September 27, 2022      Respectfully submitted,

                                                         BALLARD SPAHR LLP

                                                        /s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

6

*Counsel for the Press Coalition*